[ECF No. 30]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAI WOOD, JR.,<br><br>                Plaintiff,<br><br>    v.<br><br>BOROUGH OF WOODLYNNE, et al.,<br><br>                Defendants. | Civil No. 21-20738 (RMB)(EAP) |

**OPINION AND ORDER**

      This matter comes before the Court on Defendants Borough of Woodlynne, Edwin J. Figueroa, Officer Clouden, and Detective Feliciano's (the "Woodlynne Defendants") Motion to Bifurcate discovery and trial. ECF No. 30. Defendant Ryan Dubiel ("Dubiel") has joined in the Motion. ECF No. 31. The Court has received opposition filed by Plaintiff Jai Wood, Jr. ("Plaintiff"). ECF No. 32. The Woodlynne Defendants and Defendant Dubiel have filed their respective reply briefs. ECF Nos. 33, 34. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Woodlynne Defendants' and Dubiel's Motion to Bifurcate discovery is **DENIED**, and because Defendants' Motion to Bifurcate trial is premature, that relief is **DENIED WITHOUT PREJUDICE**.[1]

---

[1] Nothing in this Opinion bars any party from later filing a motion for bifurcation of trial addressed to the District Judge after the close of discovery.

## FACTS

This is a 42 U.S.C. § 1983 civil rights case arising out of the December 29, 2019 shooting of Plaintiff by Dubiel, a former police officer of the Borough of Woodlynne, New Jersey (the "Borough"). Plaintiff's Complaint ("Compl."), ECF No. 1 ¶¶ 1, 7, 12. At the time of the shooting, Dubiel was thirty years old and had worked for eight other police departments before the Borough hired him. *Id*. ¶ 18 and Ex. A (New York Times article). Plaintiff alleges that "Officer Dubiel had a troubling history as a police officer, which ranged from racist posts on his [F]acebook account to numerous excessive force complaints." *Id*. ¶ 17. For example, during a two-year period of employment with the Camden County Police Department, Dubiel allegedly used force on sixteen occasions, thirteen of which resulted in injury to the arrestee. *Id*. ¶¶ 19-20. In addition, Plaintiff alleges that Dubiel had been previously fired from the Far Hills Police Department after just three months of employment. *Id*. ¶ 22 and Ex. A. Plaintiff has attached a June 24, 2020 New York Times article to his Complaint that allegedly details Dubiel's pattern of disciplinary infractions. *Id*., Ex. A.

On December 29, 2019, Defendants Ryan Dubiel, Officer Clouden, Detective Feliciano, and other officers from the Borough responded to a report of an armed robbery at a gas station. *Id*. ¶ 9. The officers spotted Plaintiff, who they identified as the perpetrator, and pursued Plaintiff on foot. *Id*. ¶¶ 10-11. Defendants contend that the officers believed Plaintiff was armed during the pursuit. Borough of Woodlynne's Brief in Support of Motion to Bifurcate ("Woodlynne Br."), ECF No. 30 at 5. Defendants assert that the officers repeatedly ordered Plaintiff to stop running, *see id.*, but Plaintiff alleges that Dubiel did not warn Plaintiff that he would shoot before discharging his firearm, Plaintiff's Opposition Brief ("Pl. Br."), ECF No. 32 at 2. Dubiel allegedly fired one shot at Plaintiff, hitting Plaintiff in the back and buttocks area. Compl. ¶ 12. Plaintiff was then arrested, and no gun or other weapon was found on Plaintiff's person. *Id*. ¶ 16.

Plaintiff later pled guilty to one count of first-degree armed robbery and is currently incarcerated. Ryan Dubiel's Letter Brief in Reply ("Dubiel Rep."), ECF No. 33 at 2; Compl. ¶ 3. The Borough allegedly fired Dubiel after an unrelated use of force incident in June 2020, for which he pled guilty to two counts of simple assault. Compl. ¶¶ 27, 28 and Ex. B.

## PROCEDURAL HISTORY

Plaintiff filed a Complaint on December 28, 2021, asserting a Fourth Amendment excessive force claim against Dubiel (Count I); a bystander liability claim against Officer Clouden and Detective Feliciano (Count II); and a *Monell* claim against the Borough and its Public Safety Director, Edwin J. Figueroa, for failing to adequately evaluate Dubiel's background before hiring him as a police officer (Count III). Compl. ¶¶ 38-43, 45-50, 52-59. Regarding his *Monell* claim, Plaintiff alleges that the Borough knew or should have known of Dubiel's "troubled" employment history but "failed to adequately check and evaluate" his background and "deliberately ignored" his unfitness to serve as a police officer. *Id*. ¶¶ 53, 56-57. Plaintiff alleges that available information "would have led a reasonable policymaker to conclude that hiring Dubiel would pose a substantial risk that he would violate citizens['] constitutional rights by using excessive force." *Id*. ¶ 57. Factual discovery is ongoing, and no dispositive motions have yet been filed. *See generally* Dkt. sheet; Amended Scheduling Order, ECF No. 39, ¶¶ 2, 7.

On September 28, 2022, Plaintiff served subpoenas on seven governmental entities that had previously employed Dubiel as a police officer, seeking Dubiel's employment records, including his personnel and Internal Affairs ("IA") files. *See* ECF No. 25 at 1; Certification of Eric J. Riso ("Riso Certif."), ECF No. 25-2, ¶ 1 and Ex. A. Also, on November 9, 2022, Plaintiff served interrogatories on the Borough, which included questions about Defendant's hiring. ECF No. 25 at 2; Riso Certif. ¶ 2 and Ex. B, ¶¶ 6, 8-10. On November 21, 2022, Dubiel filed a motion

3

to quash the subpoenas and for the entry of a protective order precluding Plaintiff from seeking Dubiel's prior employment records from any source, including the Borough. *Id*. at 3. On June 2, 2023, the Court entered an Order denying in part Dubiel's motion to quash the subpoenas and denying Dubiel's motion for a protective order. Order, ECF No. 42.

On December 16, 2022, the Woodlynne Defendants filed the present Motion to Bifurcate discovery and trial of Plaintiff's claims. *See* Woodlynne Br. at 7. Defendants request that the Court stay discovery related to Plaintiff's *Monell* claim until the event that Plaintiff prevails on an individual constitutional claim against Ryan Dubiel, Officer Clouden, or Detective Feliciano. *Id*. at 7, 15-17. Dubiel filed a brief joining in the Woodlynne Defendants' Motion on December 19, 2022. Letter Brief Joining in the Motion to Bifurcate ("Dubiel Br."), ECF No. 31 at 1. Plaintiff filed a brief opposing the Motion on January 3, 2023. *See* Pl. Br. at 1. Dubiel filed a reply brief on January 10, 2023. Dubiel Rep. at 1. Lastly, the Woodlynne Defendants filed a reply brief the same day. Defendants' Brief in Reply ("Woodlynne Rep."), ECF No. 34 at 4.

## ANALYSIS

### I.     Standard of Review

Federal Rule of Civil Procedure 42(b) authorizes the bifurcation of trial. The Rule provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Bifurcation of trial "is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978); *see also Miller v. N.J. Transit Auth. Rail Operations*, 160 F.R.D. 37, 40 (D.N.J. 1995) ("The decision to bifurcate is completely within the discretion of the trial court."). Similarly, "the broad discretion afforded courts in handling

discovery disputes extends to decisions over bifurcating discovery." *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (citing *Weiss v. First Unum Life Ins. Co.*, No. 02-4249, 2008 WL 755958, at *1 (D.N.J. Mar. 19, 2008)).

## II. Discussion

At the outset, the Court finds that Defendants' Motion to Bifurcate trial is premature. Discovery is in its early stages. Without complete discovery and the submission of a joint final pretrial order detailing the evidence to be presented at trial, the Court is not in a position to determine whether the trial of this matter should be bifurcated. If the parties so chose, they may refile their motion before the District Judge after completion of discovery.[2] *See, e.g.*, *Cephalon, Inc. v. Sun Pharm. Indus., Ltd.*, No. 11-5474, 2013 WL 3417416, at *5 (D.N.J. July 8, 2013) (explaining that "any ruling on the bifurcation of issues for trial is premature" at the discovery phase of a case). Accordingly, this part of Defendants' Motion is denied without prejudice.

While finding that the trial bifurcation issue is premature at this time, this Court must still address whether bifurcation as to discovery is warranted. Here, Defendants argue that bifurcation is particularly appropriate where a plaintiff asserts both an excessive force claim against an individual officer and a *Monell* claim against a municipality, because prevailing on an individual constitutional claim is a necessary element of a *Monell* claim. Dubiel Br. at 2. Stated differently, if an individual officer is not liable for a constitutional violation, then the municipality cannot be held liable under *Monell*. *Id.* Defendants further argue that it "would be a complete waste of time and resources" to combine discovery on Plaintiff's claims because Plaintiff's *Monell* claim will

---

[2] An additional consideration is that the decision to bifurcate trial "must be subject to an informed discretion by the *trial judge* in each instance." *Lis*, 579 F.2d at 824 (emphasis added). Therefore, while discovery issues may be directed to the Magistrate Judge, the decision to bifurcate trial is more appropriately within the domain of the District Judge. Accordingly, this Opinion precludes the bifurcation of discovery, but it preserves the ability of any party to file a motion to the District Judge to bifurcate trial at the appropriate time.

necessarily fail if his Fourth Amendment claims against Ryan Dubiel, Officer Clouden, and Detective Feliciano are dismissed. *Id*. at 5-6. Since Plaintiff's *Monell* claim "may never be reached by a jury[,]" bifurcation could "prevent undue expense of time, money and resources by the parties and the court . . . ." Woodlynne Rep. at 4. Defendants contend that a "bright line distinction" exists between facts relevant to excessive force claims and *Monell* claims, and that discovery related to Plaintiff's *Monell* claim will require incurring costs associated with production of numerous records, additional depositions, and expert witnesses. Woodlynne Rep. at 6-7.[3]

In opposition, Plaintiff argues that bifurcation is not appropriate in this matter because "there is not a bright line" between evidence relevant to the excessive force claim against Dubiel and the *Monell* claim against the Borough. Pl. Br. at 6. Plaintiff argues that Dubiel's prior employment records are "clearly relevant" to his *Monell* claim based on the Borough's "failure to adequately screen Dubiel before hiring him." *Id*. at 4. Also, Plaintiff argues that the same records are relevant to his excessive force claim because they demonstrate Dubiel's "ill will" towards African Americans such as Plaintiff and weigh on Plaintiff's claim for punitive damages. *Id*. at 4-6. Plaintiff argues that bifurcation of discovery and trial would not "expedite and economize" the proceedings because ordering two separate trials based on overlapping evidence would be inefficient. *Id*. at 6-7. In addition, Plaintiff argues that Defendants have not met their burden of raising specific circumstances that justify bifurcation in this matter. *Id*. at 7-8.

---

[3] Defendants also argue that bifurcation is necessary to protect Dubiel from prejudice "that might occur if the *Monell* claims were tried simultaneously." Woodlynne Br. at 16. Defendants argue that Dubiel could be prejudiced by "the exploration at trial of unrelated prior bad acts of Officer Dubiel" relevant only to Plaintiff's *Monell* claim. Woodlynne Rep. at 4; *see also* Dubiel Rep. at 5. However, since Defendants' prejudice arguments solely relate to bifurcation of trial, they are raised prematurely. This Opinion does not bar Defendants from moving to bifurcate trial after the close of fact discovery to prevent prejudice to Defendant Dubiel.

In *Monell v. Department of Social Services of the City of New York*, the Supreme Court recognized that municipalities may be directly liable under 42 U.S.C. § 1983 for constitutional violations that implement or execute a governmental policy or custom. 436 U.S. 658, 690 (1978). A *Monell* claim may be based upon the failure to adequately screen a prospective applicant's record if "a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 410 (1997). However, *Monell* does not allow for a claim against a municipality if a plaintiff does not suffer a constitutional injury from an individual officer. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Therefore, some courts have concluded that, "[a] *Monell* claim may be a good candidate for bifurcation because no trial of the municipality is necessary if the individual government employees are found not to be liable." *McQueen v. Morgan*, No. 10-85, 2010 WL 4595718, at *3 (N.D. Fla. Nov. 4, 2010). However, "[c]ourts in this district do not routinely grant motions to bifurcate discovery, unless there is some showing on the part of the moving party as to why bifurcation is appropriate." *Cephalon, Inc.*, 2013 WL 3417416, at *3.

Similarly here, given the stage of the case, Defendants have not met their burden of identifying special circumstances that would justify bifurcating discovery of Plaintiff's excessive force and *Monell* claims. Defendants contend that litigating the *Monell* claim will require production of Plaintiff's prior employment records, additional depositions, and the retention of expert witnesses, *see* Woodlynne Rep. at 6, but none of this is unusual in a § 1983 case. Further, Defendants do not specify how much additional time and expense this work will require, how many additional depositions will be needed, or which expert witnesses may be retained. *See id.*[4]

---

[4] The Woodlynne Defendants argue that if the Court bifurcates discovery, only depositions relevant to Plaintiff's excessive force claims will be required, which would be limited to Ryan Dubiel, Officer Clouden, the victim of the armed robbery, and any witnesses to the robbery. Woodlynne Br. at 16. Defendants further argue that discovery related to Plaintiff's *Monell* claim

Defendants only speculate generally that the expenses could "run to the thousands of dollars[,]" which would not clearly place an excessive burden on them. *Id*. at 7. Also, while Defendants may spend time and money reviewing Plaintiff's prior employment records, Plaintiff is seeking these records from non-party police departments, and so Defendants will not incur the expense of producing the documents. *See* Pl. Br. at 1 n.1.[5]

Also, contrary to Defendants' arguments, it is not apparent that a "bright line distinction" exists between evidence relevant to Plaintiff's excessive force and *Monell* claims. *See* Woodlynne Rep. at 34. As in *D'Arrigo v. Gloucester City*, No. 04-5967, 2007 WL 4440222, at *3 (D.N.J. Dec. 17, 2007), Defendants have not described the volume or nature of the evidence they plan to present in opposition to Plaintiff's *Monell* claim. This is likely because discovery is still ongoing. And even if Dubiel's past employment records are not relevant to Plaintiff's excessive force claims, there may still be an overlap of other evidence between the claims, and Defendants have not met their burden of showing that bifurcation of discovery on Plaintiff's claims will be more convenient and efficient.

Lastly, and most importantly, bifurcation is particularly inappropriate at this stage of the litigation, because bifurcation of discovery could drastically delay resolution of the case. In fact, Defendants concede that they "have not located a case in the Third Circuit that allowed bifurcation of the issues for discovery purposes." Woodlynne Rep. at 7. In *Zampetis v. City of Atlantic City*,

---

will require the additional depositions of Edwin J. Figueroa, Lieutenant Robertson (the officer who hired Dubiel), and officers from the departments that previously employed Dubiel. *Id*. However, Defendants do not provide an estimate of how many other officers may need to be deposed. *See id*.

[5] Also, the Court has already denied in part Dubiel's motion to quash the subpoenas served on the non-party police departments and denied his motion for a protective order. *See* Opinion and Order, ECF No. 42. As a result, at this point, bifurcating the issues will not relieve the Court of ruling on whether Plaintiff's prior employment records are discoverable. *See* Woodlynne Br. at 15.

the court denied a motion to bifurcate discovery and trial under similar circumstances. No. 15-1231, 2018 WL 5729905, at *2 (D.N.J. Nov. 2, 2018). In *Zampetis*, the court reasoned that "[b]ifurcation of discovery at the initial stage of a plaintiff's excessive force and municipal liability case does not present the same issue or have the same benefits . . . as bifurcation at the post-summary judgment trial stage. Indeed quite the opposite . . . ." *Id*. This is because proceeding to a jury verdict and then potentially restarting "the entire discovery process anew" for a *Monell* claim "would not be convenient, avoid prejudice, or expedite and economize the case." *Id*. Waiting until the pre-trial phase after summary judgment is preferable because "[t]he more information available to the parties—and the Court—the better the Court will be able to exercise its Rule 42(b) discretion." *Id*. Similarly, the court in *Constantino v. City of Atlantic City* denied the defendants' motion to bifurcate both discovery and trial in a § 1983 case. 152 F. Supp. 3d 311, 326 (D.N.J. 2015). The court explained: "It makes no sense to first try the case against the defendant police officers and then only if a liability verdict is returned does plaintiff get additional *Monell* discovery. This would substantially delay the ultimate resolution of the case and would require duplicative discovery." *Id*.

The reasoning of *Zampetis* and *Constantino* equally applies to this case, which is at the initial discovery stage, and well before the filing of summary judgment motions. If the Court grants Defendants' Motion, and if Plaintiff prevails on his excessive force claims at trial, the parties will then need to restart the discovery process for Plaintiff's *Monell* claim, likely argue a second summary judgment motion, and potentially proceed to a second trial, which would require preparing a new joint pretrial order, attending new pretrial conferences, empaneling a new jury, and presenting potentially duplicative evidence. This outcome could delay the final resolution of this case by years and is not compatible with the principle of "convenience" and the goal of

expediting and economizing a case. Defendants do not address this possibility in their briefing and simply assume that Plaintiff's excessive force claims will fail. *See* Dubiel Br. at 5. Also, since there may not be a "bright line" between *Monell* and excessive force evidence, bifurcating discovery at this stage could complicate discovery. If it is unclear what evidence pertains to which claim, bifurcation could lead to repeated discovery disputes, which could consume the Court's resources and further delay resolution of the case. Allowing discovery to proceed on both claims would likely be more efficient for the parties and the Court.

## CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that Defendants' Motion to Bifurcate trial is premature. Moreover, Defendants have not met their burden of showing that Plaintiff's excessive force claims should be bifurcated from his *Monell* claim for discovery purposes. The Court finds that bifurcation of discovery could significantly delay resolution of the case and would likely be highly inefficient for the parties and the Court. This is not to say that bifurcation of discovery in § 1983 civil rights cases is never appropriate. This Opinion does not restrict any party's ability to file a motion addressed to the District Judge after the close of discovery to bifurcate trial of Plaintiff's claims. However, bifurcation of discovery is not warranted in this matter. Therefore,

**IT IS** this this **7th** day of **June 2023**;

**ORDERED** that Defendants Borough of Woodlynne, Officer Clouden, Detective Feliciano, Edwin J. Figueroa, and Ryan Dubiel's Motion to Bifurcate discovery, ECF No. 30, is **DENIED**; and it is further

**ORDERED** that Defendants Borough of Woodlynne, Officer Clouden, Detective Feliciano, Edwin J. Figueroa, and Ryan Dubiel's Motion to Bifurcate trial, ECF No. 30, is premature and therefore, **DENIED WITHOUT PREJUDICE**.

s/ Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc: Hon. Renée M. Bumb, U.S.D.J.