[ECF No. 53]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **JAI WOOD, JR.,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**BOROUGH OF WOODLYNNE, et al.,**<br><br>　　　　　　Defendants. | Civil No. 21-20738 (RMB)(EAP) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff Jai Wood, Jr.'s Motion to Compel Certified Answers to Interrogatories and Payment of Attorney Fees ("Pl.'s Motion"). ECF No. 53. No opposition to Plaintiff's Motion has been filed. The Court has considered Plaintiff's submission and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons that follow, and for good cause shown, Plaintiff's Motion is **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This is a 42 U.S.C. § 1983 civil rights case arising out of the December 29, 2019 shooting of Plaintiff Jai Wood, Jr. ("Plaintiff") by Defendant Ryan Dubiel ("Defendant"), a former police officer of the Borough of Woodlynne, New Jersey. Complaint, ECF No. 1, ¶¶ 1, 7, 12, 28.[1] On August 17, 2022, Plaintiff served interrogatories on Defendant. Pl.'s Motion, Ex. J. On October

---

[1] A more complete recitation of the facts of this case can be found in the Court's June 2, 2023 Opinion and Order, ECF No. 42, and in *Wood v. Borough of Woodlynne*, No. 21-20738, 2023 WL 3775308, at *1 (D.N.J. June 2, 2023).

24, 2022, Plaintiff's counsel sent an email to Defendant's counsel asking for responses to his interrogatories in order to schedule depositions. *Id.*, Ex. A. On October 25, 2022, Defendant's counsel replied by email, explaining that his client had moved out of state and that he "was only recently able to locate him." *Id.*, Ex. B. Defendant requested, and Plaintiff agreed, to an extension of time to serve his interrogatory responses. *Id.*

On November 2, 2022, Defendant filed a letter with the Court acknowledging that he had not yet served his answers to interrogatories. Letter from Eric J. Riso, Esq., ECF No. 20, at 1-2. On November 3, 2022, the Court ordered Defendant to "produce his certified answers to interrogatories to Plaintiff no later than December 5, 2022." Discovery Dispute and Am. Scheduling Order, ECF No. 23, ¶ 6. Defendant did not comply with the Court's Order.

On January 10, 2023, after a status conference with the parties, the Court again ordered Defendant to produce his certified answers to interrogatories by January 27, 2023. Am. Scheduling Order, ECF No. 36, ¶ 2. Defendant did not comply.

On February 27, 2023, and March 3, 2023, Plaintiff's counsel sent emails to Defendant's counsel asking when Defendant would produce his discovery responses. Pl.'s Motion, Exs. D, E. On March 4, 2023, Defendant's counsel replied and explained that he believed he had provided the certified answers but had realized he was "mistaken." *Id.*, Ex. F. On March 13, 2023, and March 26, 2023, Plaintiff's counsel followed up with Defendant regarding the outstanding discovery responses. *Id.*, Exs. G, H. Defendant did not provide his responses to Plaintiff's discovery requests.

On April 3, 2023, the Court held a status conference. At that time, the Court again ordered Defendant to serve his certified answers to interrogatories, this time by April 19, 2023. Am. Scheduling Order, ECF No. 39, ¶ 1. Defendant still did not comply.

On June 6, 2023, the Court held a status conference with the parties and issued another Amended Scheduling Order in which the Court recognized that "Defendant Ryan Dubiel has not complied with the Court's Orders" and had not produced his certified answers. ECF No. 44, ¶ 1. The Court ordered Defendant to produce his certified answers to interrogatories by June 30, 2023, and granted Plaintiff leave to file a motion to compel if Defendant did not provide a timely response. *Id.* Once again, Defendant did not comply.

On July 3, 2023, Plaintiff filed the present Motion to Compel. Pl.'s Motion. Plaintiff contends that Defendant still "has not complied with any of the [Court's] four Orders" because he "has not provided certified answers to interrogatories." *Id.* ¶ 18. As relief, Plaintiff asks the Court to enter an Order compelling Defendant to produce his certified answers to interrogatories within ten days. *Id.* ¶ 19. In addition, Plaintiff asks the Court to impose sanctions of $750.00 in attorney's fees if Defendant does not comply. *Id.* Plaintiff's counsel has attached a Certification stating that he has "conferred and communicated with defense counsel multiple times to obtain the answers, without success." Certification of Thomas Bruno, II, Esq. ("Bruno Certif."), ECF No. 53. Plaintiff's counsel also certifies that a sanction of $750.00 reasonably reflects his fees for attempting to obtain Defendant's discovery responses. *Id.*

Defendant did not file a response to Plaintiff's Motion to Compel.

## **APPLICABLE STANDARDS**

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or

3

inspection" when, among other things, "a party fails to answer an interrogatory submitted under Rule 33[.]" Fed. R. Civ. P. 37(a)(3)(B).  "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  The Court may excuse the payment of expenses only if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." [2] *Id.* (cleaned up); *see also* Charles Alan Wright et al., Federal Practice and Procedure § 2288 (3d ed. 2023) (noting that an award of expenses and fees under Rule 37(a)(5) is "mandatory unless one of the conditions for not making an award is found to exist").

## ANALYSIS

Here, Defendant has not disputed that his certified answers to Plaintiff's interrogatories are overdue.  Plaintiff served his interrogatories on August 17, 2022, *see* Pl.'s Motion, Ex. J., and Defendant's answers or objections were due within thirty days pursuant to Federal Rule of Civil Procedure 33(b)(2).  Defendant has not complied with the Court's Orders on November 3, 2022, ECF No. 23, ¶ 6; January 10, 2023, ECF No. 36, ¶ 2; April 3, 2023, ECF No. 39, ¶ 1; and June 6, 2023, ECF No. 44, ¶ 1, requiring him to serve his certified answers to interrogatories.  Also, Plaintiff's counsel has provided a Certification, as required by Rule 37(a)(1), stating that he attempted to confer with Defendant in good faith to obtain the answers.  *See* Bruno Certif.  This

---

[2] Federal Rule of Civil Procedure 37(b)(2) also provides for the imposition of additional sanctions for a party's failure to obey a discovery order.  This Order does not restrict Plaintiff's ability to move for additional sanctions under Rule 37(b)(2) if Defendant continues to fail to provide certified answers to interrogatories.

assertion is supported by copies of emails with Defendant's counsel.  *See* Pl.'s Motion, Exs. A-H.  Nothing in the record excuses Defendant's failure to comply with his discovery obligations under the Federal Rules of Civil Procedure and this Court's Orders.  Therefore, as requested, the Court hereby compels Defendant to produce his certified answers within ten (10) days of the date of this Order.

In addition, the Court will grant Plaintiff's request to order an award of $750.00 in attorney's fees if Defendant does not timely comply with this Order.  Plaintiff has established good faith efforts to resolve this discovery dispute on his own, as evidenced by the bevy of emails (at least six in the record) to defense counsel, *see* Pl.'s Motion, Exs. A-H, not to mention the time spent on this issue at four status conferences.  On this record, Defendant has offered no reason why his failure to provide certified answers to Plaintiff's interrogatories is substantially justified, and no other circumstances would make an award of expenses unjust.  *See, e.g.*, *SWIMC, Inc. v. Hy-Tech Thermal Sols., LLC*, No. 08-084, 2009 WL 1795177, at *4 (D. Del. June 24, 2009) (ordering the defendants to pay the plaintiff's expenses and attorney's fees after the defendants did not respond to the plaintiff's motion to compel answers to interrogatories).  Also, the Court finds that an award of $750.00 reasonably reflects Plaintiff's attorney's fees incurred in bringing this Motion to Compel.  *See, e.g.*, *Pugliese v. Cnty. of Lancaster*, No. 12-7073, 2014 WL 5470469, at *3 (E.D. Pa. Oct. 29, 2014) (awarding $2,318.86 in attorney's fees and costs pursuant to Rule 37(a)(5)(A)).  Although Rule 37(a)(5)(A) mandates payment of a movant's reasonable expenses if a motion to compel a discovery response is granted, the Court notes that Plaintiff requests an award of attorney's fees only if Defendant does not produce his certified answers within ten days of this Order.  Pl.'s Motion, ¶ 19.  Therefore, the Court grants Plaintiff the relief he seeks.  If Defendant

does not comply with the Court's Order on this Motion, upon notice from Plaintiff, the Court will award Plaintiff's requested award of $750.00 in attorney's fees.

## CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that Defendant has failed to provide certified answers to Plaintiff's interrogatories as required by the Federal Rules of Civil Procedure and this Court's repeated Orders. Also, to date, Defendant has not offered any justification for neglecting to serve his certified responses. Absent a substantial justification from Defendant, Plaintiff has established that an award of attorney's fees incurred in bringing this Motion is warranted. Accordingly, the Court will grant Plaintiff all the relief requested in his Motion to Compel. Therefore,

**IT IS** this this **15th** day of **August 2023**;

**ORDERED** that Plaintiff Jai Wood, Jr.'s Motion to Compel, ECF No. 53, is **GRANTED**; and it is further

**ORDERED** that Defendant Ryan Dubiel shall serve his certified answers to Plaintiff's interrogatories within **ten (10) days** of the date of entry of this Order; and it is further

**ORDERED** that if Defendant Ryan Dubiel does not provide a timely response, upon notice from Plaintiff, Defendant shall pay the sum of $750.00 to Plaintiff within **thirty (30) days** of the date of entry of this Order.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.