[ECF No. 94]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAI WOOD, JR.,<br><br>              Plaintiff,<br><br>   v.<br><br>THE BOROUGH OF WOODLYNNE, et al.,<br><br>             Defendants. | Civil No. 21-20738 (RMB/EAP) |

**OPINION AND ORDER**

      This matter comes before the Court on Plaintiff Jai Wood, Jr.'s motion to compel the production of certain internal affairs ("IA") files from Defendant Borough of Woodlynne. *See* ECF No. 94. Defendants oppose the motion. *See* ECF Nos. 96, 97.[1] Having been fully briefed, the motion is now ripe for disposition.

      Plaintiff seeks production of IA investigation files regarding two incidents.[2] The parties agree that both files stem from Defendant Dubiel's employment as a police officer with the Borough of Woodlynne. The first report details an investigation into Dubiel's Facebook posts.

---

[1] On March 18, 2024, Defendant Ryan Dubiel filed a brief in opposition to the motion. *See* ECF No. 96. That same day, Defendants Borough of Woodlynne, Edwin J. Figueroa, Officer Clouden, and Detective Feliciano (collectively, "Woodlynne Defendants") filed a letter adopting the arguments set forth by Dubiel in the motion. *See* ECF No. 97.

[2] The parties are already familiar with the facts of the case and the Court need not recite them here. However, it is worth noting that Plaintiff brings the following claims under the Fourth Amendment to the United States Constitution: (1) Excessive Force against Defendant Dubiel; (2) Bystander Liability against Officer Clouden and Detective Feliciano; and (3) *Monell* Liability against the Borough of Woodlynne and Defendant Figueroa. *See generally* ECF No. 1, Pl.'s Compl.

The second report concerns an incident in which Dubiel discharged his pepper spray at a civilian while on duty. For simplicity, the Court will refer to the files as the "Facebook file" and the "pepper spray file," respectively. From the record, it appears that both investigations involve conduct that occurred after the shooting that forms the basis of this lawsuit.

Plaintiff asserts that the files are relevant to two theories of *Monell* liability: (1) that the Borough was negligent in hiring Dubiel; and (2) that the Borough and its other employees "fail[ed] to adequately investigate claims of excessive force and discipline officers [including Dubiel] who have used excessive force, and [held] a custom of acquiescing/condoning the use of excess force by Woodlynne Police Officers." Pl.'s Motion at 11. More specifically, Plaintiff avers that the Facebook file speaks to his negligent hiring theory and that the pepper spray file supports his negligent hiring and failure to investigate/discipline claims, as well as his pattern or practice theory of acquiescing/condoning excessive use of force. *Id.* at 12.

Rule 26(b)(1) governs the scope of discovery in this matter. Under that Rule, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 26 advisory committee notes to the 2015 amendment (describing and explaining the adoption of the proportionality standard).

Here, Defendant advances three arguments in opposition to the motion: (1) the files are confidential; (2) the files are not relevant to any of Plaintiff's claims, including the *Monell* claim; and (3) production of the IA files is not proportional to the needs of the case. The Court will address each argument in turn.

First, Defendant argues that the IA files are confidential and therefore, the assertion of a *Monell* claim does not automatically entitle Plaintiff to these files. *See* Def.'s Opp. at 6. Defendant

2

posits that Plaintiff seeks the IA files for an improper purpose and thus, their confidential nature should block their discoverability.  The Court disagrees.  As more fully explained below, Dubiel's post-incident IA files are relevant to Plaintiff's claims.  The Court finds that the IA files are not privileged or confidential such that they are outside the broad sweep of Rule 26(b)(1).

Defendant further contends that the IA files should not be produced at this juncture because if the excessive force claim is dismissed, then Plaintiff's *Monell* claim necessarily fails.  *Id.*  Defendant's argument, however, fails to account for the Court's Order denying the bifurcation of discovery in this matter.  *See* ECF No. 43, Op. and Order Denying Defs.' Mot. to Bifurcate Disc. and Trial.  Thus, the parties must complete all discovery as to all claims before the disposition of any individual claim.  In other words, discovery on the *Monell* claim is not, as Defendant's argument presumes, dependent on the outcome of the underlying excessive force claim.  Accordingly, production of the files is appropriate at this time.

Lastly, a Discovery Confidentiality Order has been in place in this matter since August 15, 2022.  *See* ECF No. 19.  The parties may mark the IA files according to the appropriate designation in that Order.  Other courts have followed this approach regarding production of similar files, *see, e.g.*, *Brady v. Twp. of Woodbridge*, No. 17-17868, 2023 WL 8376281, at *2-3 (D.N.J. Nov. 27, 2023), and the Court will do the same here.

Next, Defendant argues that the files are not relevant to any of Plaintiff's claims, including his *Monell* claim.  Def.'s Opp. at 6.  Plaintiff counters that he may use post-incident reports to establish a pattern or practice of condoning the use of force under *Monell*.  Pl.'s Motion at 11-12.  The Court remains mindful that whether any records, including IA files, are discoverable is an individualized determination that turns on the legal and factual nature of the claims made in the case.  Thus, IA files do not categorically come within Rule 26(b)(1)'s ambit; and the Court

3

considers the legal and factual claims made in this matter when determining relevance and proportionality under the Federal Rules of Civil Procedure. *See, e.g.*, *Groark v. Timek*, 989 F. Supp. 2d 378, 399 (D.N.J. 2013) (citations omitted) ("Every case is different and a party's discovery request must be evaluated pursuant to the standards set forth in Rules 26(b) and 26(b)(2)(C).").

That Plaintiff brings a claim under *Monell* is critical to the analysis, because courts in this District have long held that "[s]ubsequent [disciplinary] incidents . . . may be relevant to show a continuous pattern that supports a finding of an accepted custom or policy [under *Monell*]." *Id.* at 398 (citing *Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3d Cir. 1996)); *see also Brady*, 2023 WL 8376281, at *1-3; *Capps v. Dixon*, 593 F. Supp. 3d 146, 151, 157 (D.N.J. 2022) (ordering production of post-incident IA reports); *Monaco v. City of Camden*, No. 04-2406, 2008 WL 8738213, at *8 (D.N.J. Apr. 14, 2008) (collecting cases).

Here, the Court is persuaded by the law and the record before it that the post-incident IA files at issue are relevant for the purposes of Rule 26 to establish *Monell* liability. Moreover, Plaintiff has not pointed to any factor distinguishing the files here from those ordered produced in other cases within this District. Accordingly, the Court agrees with Plaintiff that the post-incident IA files are relevant to his *Monell* claim.[3]

Lastly, Defendant argues that production of the two complete IA files is not proportional to the needs of the case. Def.'s Opp. at 9. Rule 26(b) itself includes a list of considerations relevant to the proportionality analysis. The considerations are: "the importance of the issues at stake in

---

[3] Defendant also argues that "Plaintiff's punitive damages argument is . . . without merit" and therefore, cannot from the basis of a proper discovery request for the IA files. Def.'s Opp. at 5. Under Rule 26(b)(1), however, material is discoverable so long as it is relevant to any one claim or defense. Fed. R. Civ. P. 26(b)(1). Because the Court finds that the IA files are relevant to Plaintiff's *Monell* claim for present purposes, it need not address whether the documents are relevant to his punitive damages claim.

the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).[4] No single factor is dispositive; and, like Rule 26(b) relevancy determinations, "proportionality determinations are to be made on a case-by-case basis . . . ." *Bell v. Reading Hosp.*, No. 13-5927, 2016 WL 162991, at *2 (E.D. Pa. Jan. 14, 2016). The Court has "broad discretion" to balance the relevant factors and make proportionality determinations considering the needs of the case. *Liberty Int'l Underwriters Can. v. Scottsdale Ins. Co.*, No. 12-4934, 2017 WL 11633324, at *2 (D.N.J. Feb. 21, 2017); *see also Groark v. Timek*, No. 12-1984, 2014 WL 12908809, at *1-2 (D.N.J. Aug. 14, 2014) (citations omitted).

Having considered the relevant factors, the Court finds that discovery of the IA files is proportional to the needs of the case. The burden to produce the files is small, particularly because the Woodlynne Defendants are in possession of the IA files, and the potential evidentiary value of the IA files to Plaintiff is high. Accordingly, the Court exercises its discretion to order production of the entire Facebook and pepper spray IA files. *See Brady*, 2023 WL 8376281, at *2 (ordering the defendant to produce entire IA reports, rather than summaries).

---

[4] Defendant asserts, and the Court recognizes, that "'privacy interests may be taken into account when evaluating proportionality.'" Def.'s Opp. at 10 (quoting *Korotki v. Cooper Levenson, Apr., Niedelman & Wagenheim, P.A.*, No. 20-11050, 2022 WL 2191519, at *6 (D.N.J. June 17, 2022)). The Court has already addressed whether the relevant files are confidential for the purposes of discovery. For those same reasons, the Court finds that, although Defendant Dubiel has a privacy interest in the IA files, that interest is not so strong as to protect the records from discovery in civil litigation, especially considering the other pertinent proportionality considerations.

**CONCLUSION AND ORDER**

For the foregoing reasons, Defendant Ryan Dubiel's Facebook IA file and his pepper spray IA file are relevant to Plaintiff's *Monell* claims. While these records are confidential, they remain discoverable because Defendant's privacy interests are adequately protected by the previously entered Discovery Confidentiality Order. Therefore,

**IT IS** this **13th** day of **June 2024**;

**ORDERED** that Plaintiff's Motion to Compel, ECF No. 94, is **GRANTED**; and it is further

**ORDERED** that the Woodlynne Defendants shall produce the entire Facebook and pepper spray IA files no later than **June 14, 2024**.

*s/Elizabeth A. Pascal*
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.